The opinion of the Court was delivered by
Gibson J.
The record of -the judgment in the Common Pleas of Northampton county, was-not evidence, .without some colour of title being first shown in Fenner, as whose property the land was sold.- If a party may in every 'case begin at either end!of the -chain of his evidence, why might not the defendant have insisted on shewing the Sheriff’s deed in the first instance, without producing even the judgment ? He could not do so, because without the process.and authority of the law, the Sheriff- who has no pretence of property in himself, but is merely the instrument of the law in vesting ■the property of another, can pass nothing by his deed, and the Court are not compelled to go through the idle-ceremony of receiving- evidence which, by the very shewing of him who offers it, is irrelevant and inoperative. If instead of the compulsory cónveyance of the. law, the defendant had offered a deed directly from Fenner himself, it would have been impertinent until it were shewn the grantor had some right to convey. There may be cases where-the Court, for the.sake of cpnvenience, will exercise a discretionary power in the admission of particular parts of the evidence out of their proper order, provided there is at the same time an offer to supply whatever, may be necessarily .introductory; but that is only *99 a relaxation of the rule for the sake of convenience and expedition, which the Court is not bound to admit in^ practice, and to warrant which, requires the special' circumstances to be shewn on the bill of exceptions ; otherwise it will be error. Here no circumstances appear to.justify a departure from the rule, and as the evidence; for.any thing that is shewn, was entirely Irrelevant, .it was error to adrriit it. • The exceptions to the charge intimated in the opening, have oh the suggestion of the Court, not been insisted op in the reply ; and indeed it would be impossible to sustain them: but the exception to the evidence is well founded, and the judgment must be reversed. .
Judgment reversed.